SAMUEL WHELDEN v. CURTIS B. CHAPPEL.

If, upon a plaintiff's own showing, it appears that his cause of action arises from a violation on his part of a positive law, his suit will not be sustained; and the action must equally fail, though the illegal act be only one of a series of facts necessary to sustain the claim.

The letting of a horse on Sunday, by a livery stable keeper, in the ordinary course of his calling, when uncalled for either by necessity or charity, is an illegal transaction.

THIS was an action of trover, commenced in a Justice's Court, carried by appeal to the Court of Common Pleas, where it was heard upon the pleadings and an agreed statement of facts, and now brought to this court upon exceptions to rulings.

The declaration charged a conversion of a horse and buggy— to which the defendant pleaded, first, that at the date mentioned he was an infant of the age of seventeen years only; and secondly, that he was not guilty; to which first plea the plaintiff filed a general demurrer, joining issue upon the second.

The material facts agreed were as follows : That on the 18th day of December, 1864, being Sunday, the plaintiff, in the exercise of his ordinary calling of a livery stable keeper, let to hire a horse and buggy to the defendant and another, to go to a certain place in East Providence ; that the defendant, when he hired the horse, was under the age of twenty-one ; that he hired him for the purpose of taking a ride in the country, and not for any work of necessity or charity, stating that he was going to see one Chedel, a person with whom he had once lived in East Providence ; that he did not go to Chedel's, but did go through East Providence to Swansea, several miles beyond Chedel's, and was the next day found by the plaintiff, on his route home with the horse and buggy, at a point beyond Chedel's. Upon the pleadings and facts, the defendant contended, 1st. That the demurrer should be overruled ; and 2d. That the plaintiff, having violated a law of the State (section 16, chap. 216 of R. S.), and being obliged to show such violation in order to present his case to the court, the action must fail. The rulings of the Common Pleas upon these points being adverse to the defendant, he filed exceptions thereto in this court.

*Borden, for defendant :—*

I. The court will look through the form of action at the substance, and if in reality it be a breach of contract, infancy will be a good plea. *People* v. *Kendall,* 25 Wendell, 399 to 401 ; *Jennings* v. *Rundell,* 8 Term. R. 335 ; .3 Bacon's Abr. 593 ; *Fitts* v. *Hall,* 9 N. H. 441 ; *Green* v. *Greenbank,* 2 Marshall, 485 ; 4 Eng. Com. Law, 375 ; 1 American Leading Cases, 263 ; *Campbell* v. *Starkes,* 2 Wendell, 137 ; *Penrose* v. *Carver,* 3 Rawle, 351 ; *Schenck* v. *Strong,* 1 Southard, 87 ; 3 Stephens, N. P. 2062 ; *Vasse* v. *Smith,* 6 Cranch. 226.

II. The plaintiff, whose business was the letting of horses, having let his horse to the defendant on Sunday, (not for any purpose of necessity or charity,) cannot maintain an action of trover for any damage resulting to him from the defendant's going to another place than that which was agreed upon. *Allen* v. *Gardner et als.* 7 R. I. 22 ; *Way* v. *Foster,* 1 Allen, 408 ; *Gregg* v. *Wyman,* 4 Cushing, 322 ; *Robeson* v. *French,* 12 Metcalf,

24; *Fennell* v. *Ridler*, 5 B. & C. 407 ; *Shutt* v. *Sparrow*, 4 Bingham, 84 ; Hilliard on Torts, vol. 1. page 168, sec. 24; *Holman* v. *Johnson*, 1 Cowper, 343 ; *Armstrong* v. *Toler*, 11 Wheaton, 258 ; *Bartle* v. *Coleman*, 4 Peters, 184.

*Miner & Gerald, for plaintiff.*

BRAYTON, J. The first question raised by the exceptions is upon the demurrer to the special plea of infancy, and the exception, as stated, is that the plaintiff contended that the plea of infancy was good and ought to be sustained, and the demurrer thereto overruled, but that the court below ruled that the plea of infancy could not avail the defendant in the said action, and sustained the demurrer. This plea is not aided by the statement of facts, but must stand upon its own merits, and upon the facts disclosed by it. Clearly, to an action alleging a conversion, the single allegation that the defendant was at the time an infant, is no bar, nor is it pretended in the argument it could be ; and so it is admitted that the court was quite correct in sustaining the demurrer.

Another question has been argued, viz., whether infancy can be a defence to an action of trover when the conversion consists simply of driving a horse beyond the place agreed, in violation of the contract of bailment. This question is, however, not made by the bill of exceptions, and is not, therefore, necessary to be considered. It was only claimed in the court below, that the plea was sufficient, and that the demurrer ought to be overruled. The judge held otherwise. No question of infancy was made in any other way. Infancy was not claimed as a defence except as it was pleaded.

There is another question raised by the exception. This arises upon the plea of not guilty. It appears by the agreed statement of facts, that the horse and carriage, for the conversion of which the suit was brought, was, in fact, let to hire by the plaintiff to the defendant and another, to ride from the city of Providence to a place called Chedel's, in East Providence ; that the letting was on Sunday, in the usual course of business and ordinary calling of the plaintiff, and called for neither by necessity or charity, and that the defendant went beyond the

place agreed, where he was found the next day by the plaintiff, returning with the horse and carriage.

There is nothing set forth in the agreed statement, as done by the defendant, which of itself constitutes or proves a conversion. There was nothing in the use of the property, or the treatment of it, independent of the terms of the bailment, which was a denial of the title to, or an exclusion of the rightful dominion of, the plaintiff over the property—no misuse—and to prove the conversion, it was necessary to show that the terms upon which it passed into defendant's possession had been violated, and that the bailment had been determined by the defendant by going beyond the place agreed, which the law pronounces a conversion. It was, and is, necessary, therefore, for the maintenance of this action, to put in evidence the agreement for hire. It was part of the plaintiff's case; one of the grounds upon which it rests, and without which it must fail.

That agreement, however, was made against, and in violation of, a statute which prohibits the plaintiff from so contracting on Sunday, the day on which this agreement was made, and the contract was thereby rendered illegal. And now, when the plaintiff offers the required evidence, he is met by the maxim, as a principle of public policy, *ex dolo malo non oritur actio*, and is told that no court will lend its aid to a man who founds his cause of action upon an immoral or illegal act, and if, upon his own statement of his case, the cause of action appears to arise from the transgression of a positive law, he has no right to be assisted; and though the objection, said Lord Mansfield, in *Holman* v. *Johnson*, 1 Camp. 343, sound ill in the mouth of a defendant, it is allowed, not for the sake of the defendant, but because the court will not lend its aid to such a plaintiff. *Gray* v. *Wyman*, 4 Cush. 322; *Fennell* v. *Ridler*, 5 B. & C. 406; *Shutt* v. *Sparrow*, 4 Bingham, 84; *Armstrong* v. *Toler*, 11 Wheaton, 258; 5 Selden, 520.

It makes no difference that the illegal act is only one of a series of facts necessary to sustain the claim. The action must equally fail, and a court must exclude it from consideration. *Gray* v. *Wyman*, 4 Cush. 322.